# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| THOMAS AUTRY, JR. | CIVIL ACTION NO. 09-773-P |
| VERSUS | JUDGE HICKS |
| STEVE PRATOR, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Thomas Autry, Jr. ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  This complaint was received and filed in this Court on May 8, 2009.  Plaintiff complains his civil rights were violated by prison officials while incarcerated in the Caddo Correctional Center in Shreveport, Louisiana.  He names the Caddo Correctional Center, Steve Prator, Robert Wyche, Officer Lewis, and Officer Boone as defendants.

Plaintiff claims he was denied access to the law library on a regular basis because the Caddo Correctional Center is overcrowded.  Plaintiff claims his incarceration at the Caddo Correctional Center began on January 15, 2009.  Plaintiff claims his dorm was scheduled access to the law library every Tuesday from 11:00 a.m. until 2:00 p.m.  He claims he sent a request every week to access the law library but his name was never on the list.

Plaintiff claims he complained to Officer Lewis and Officer Boone and filed grievances in the administrative remedy procedure.  He claims he was told that he had to wait his turn.  He claims he was at a tactical disadvantage in the district court.

Plaintiff claims he need access to the law library to research a pending charge of simple burglary against him in the Louisiana First Judicial District Court.  He claims this charge was later reduced to a lesser charge of unauthorized entry of a place of business.  He admits he was represented by attorney Denise Brown.  He claims he was granted an OR bond and released from custody.  He claims that at his next court appearance on March 17, 2008, he was informed that he had to go to the Caddo Parish Public Defender's Office and register for a new attorney.  He claims he was informed that his next court date was on May 19, 2008.

Plaintiff claims he was informed by a staff member at the Caddo Parish Public Defender's Office that he had missed his May 12, 2008 court appearance and a bench warrant had been issued for his arrest.  Plaintiff claims that on June 27, 2008, he was arrested on the bench warrant and detained at the Caddo Correctional Center.

Plaintiff claims he was denied access to the law library and as a result he was unable to file a motion to have his bond reinstated.  Plaintiff claims he was appointed new counsel on September 7, 2008.  Plaintiff claims his attorney misinformed him about the law and as a result he accepted a plea agreement that he would not have accepted if he had been given access to the law library to research the law regarding his charge.

Plaintiff claims he also needed access to the law library to file an application for post-

conviction relief.  As relief, Plaintiff seeks an injunction and monetary damages.

For the following reasons, Plaintiff's complaint should be dismissed with prejudice as frivolous.

## LAW AND ANALYSIS

Prisoners  have a constitutional right of meaningful access to the courts. Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir.1996) (quoting Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977)).  However, this constitutional guarantee is not without limitation.  Lewis v. Casey, 518 U.S. 343 (1996)  (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261-62, 96 L.Ed.2d 64 (1987)).  In Lewis v. Casey, 518 U.S. 343, (1996), the Supreme Court reviewed its holding in Bounds v. Smith, 430 U.S. 817, (1977) which  is the source of a prisoner's constitutional right to "meaningful access to the courts."  While the Supreme Court reaffirmed a prisoner's right of access to the courts in Lewis, the Court limited the parameters of Bounds and set forth a standard to be applied when determining whether to grant relief for an access to the courts violation.  In so holding, the Court noted that a prisoner must show an actual injury, explaining that this requirement is derived from the doctrine of standing.  Lewis, 116 S.Ct. at 2179.  The Court used the analogy of a prisoner who is denied access  to that of a healthy prisoner who has been deprived of medical treatment.  In both cases, neither the access deprived prisoner nor the healthy prisoner have sustained constitutional injury, and thus, are not entitled to relief under Section 1983.  The Court emphasized that the court's role is to provide relief to claimants who have suffered actual harm, not to interfere with the management of prisons.

Accordingly, the Fifth Circuit has held that a prisoner cannot prevail on an access to the courts claim without proving an actual injury in non-frivolous litigation as a result of the defendant's alleged unconstitutional conduct.  Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999).

Application of the actual injury requirement to the instant case supports a finding that Plaintiff's claims are frivolous.  Clearly, Plaintiff has not satisfied the "actual injury" requirement.  Plaintiff has failed to demonstrate that he lost the right to commence, prosecute or appeal any suit as a result of the alleged denial of access to the law library.  He admits that he was represented by an attorney as to his charge.  Furthermore, Plaintiff's complaint in this Court reveals on its face that he was able to clearly present his claims to this Court.  Thus, he has failed to state any actual injury.

Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in

fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

 Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 12 day of December 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE